JOURNAL ENTRY AND OPINION
Demetrius Durden appeals from a judgment of the Common Pleas Court following his plea of guilty to four counts of sexual battery in violation of R.C. 2907.03 involving a nine-year-old girl. Mr. Durden complains on appeal that he did not enter a knowing, voluntary and intelligent plea and that the court improperly imposed consecutive sentences. After reviewing the record, we affirm the judgment of conviction but remand the matter for re-sentencing.
The record in this case reveals that on January 8, 1998, a grand jury returned a four-count indictment against Mr. Durden for rape in violation of R.C. 2907.02, of which two counts included sexually violent predator specifications pursuant to R.C. 2971.01(I). At his arraignment, Mr. Durden pled not guilty to the charges. However, on May 19 1998, the court conducted a hearing where the prosecutor amended the four counts to sexual battery in violation of R.C. 2907.03(A)(5) and deleted the sexually violent predator specifications from counts three and four. During this hearing, the court addressed Mr. Durden concerning his constitutional rights and stated:
 THE COURT: Mr. Durden do you understand everything that has been said so far today?
DEFENDANT: No.
 THE COURT: What don't you understand? Tell me what part you don't understand? Do you not understand the [c]harge; do you not understand the amendments; it is the legal language? Tell me, honestly, what it is you don't understand?
THE DEFENDANT: The [c]harge.
 THE COURT: Okay. The [c]harges have been amended by the prosecution for Sexual Battery. That means that, on each of those four counts, you would go to prison for one, two, three, four of five years, on each of the four counts, meaning a total, possible sentence of 20-years, if you enter these pleas of guilty, and, also, a possible fine of $40,000. Does that clear that up for you, or do you still have questions?
THE DEFENDANT: That's clear.
When the court explained his constitutional rights, Mr. Durden indicated he did not understand his rights to a jury trial, to avoid self-incrimination or to confront and cross-examine witnesses. The court then explained the substance of these rights to him. Further, based on the charges, the court told Mr. Durden it had to conduct a sexual predator hearing. Then, Mr. Durden pled guilty to all four counts as amended. On June 19, 1998, the court sentenced Mr. Durden to a four-year term of imprisonment on each count to be served consecutively and found him to be a sexual predator pursuant to R.C. 2950.09(B). Mr. Durden appeals from that judgment and raises two assignments of error.
 I. THE APPELLANT'S PLEA WAS NOT KNOWINGLY AND INTELLIGENTLY MADE.
Durden maintains the court failed to inform him of his constitutional rights as mandated by Crim.R. 11, and also failed to define the nature of the charge of sexual battery for him. The State, however, maintains that the court complied with Crim.R. 11. The issue presented for our review, then, is whether Durden knowingly, voluntarily and intelligently entered a guilty plea.
Crim.R. 11 (C)(2) states in pertinent part:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and doing all of the following:
 (a) Determining whether the defendant is making the plea voluntarily, with understanding the nature of the charges and the maximum penalty involved * * *
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial * * *.
Additionally, we have previously held that Crim.R. 11(C)(2) only requires the court to apprise an accused of the nature of the crime charged, not the substantive elements. See State v. Johnson (March 2, 1989), Cuyahoga App. No. 55751, unreported.
In State v. Ballard (1981), 66 Ohio St.2d 473, the court stated:
 * * * [W]e hold that a rote recitation of Crim.R. 11(C) is not required, and failure to use the exact language of the rule is not fatal to the plea. Rather, the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to the defendant.
A review of the record demonstrates the court satisfied the requirements of Crim.R 11 and explained each right Mr. Durden did not understand. Thus, the court did not err when it determined Mr. Durden entered his plea knowingly, voluntarily and intelligently. Accordingly, this assignment of error is overruled.
 II. THE TRIAL COURT FAILED TO COMPLY WITH THE REQUIREMENTS OF R.C. 2929.14(E)(4) BEFORE SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES.
Mr. Durden asserts the court failed to make the requisite statutory findings prior to imposing consecutive sentences for the four counts of sexual battery. The State concedes this assignment of error.
R.C. 2929.19(B)(2)(c) requires the trial court to make a finding that gives its reasons for selecting the sentence if it imposes consecutive sentences under R.C. 2929.14. Further, R.C. 2929.14(E)(4) provides in part:
 If multiple terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The court imposed consecutive sentences for each count of sexual battery, stating that it believed Mr. Durden would re-offend in the future. The court did not, however, make the statutorily mandated findings for imposing consecutive sentences in accordance with R.C.2929.14(E), either at the time of sentencing or in its sentencing entry.
In State v. Albert (Nov. 13, 1997), Cuyahoga App. No. 72677, unreported, we stated at page 230:
 * * * R.C. 2929.19(B)(2)(c) requires the trial court to make a finding that gives its reasons for selecting the sentence imposed if it imposes consecutive sentences.
Accordingly, in this case, we affirm the judgment of the trial court that Mr. Durden knowingly, voluntarily and intelligently entered his plea. However, based on the foregoing analysis, we remand the matter to permit the trial court to make and journalize its findings in accordance with R.C. 2929.19(B)(2)(c) and 2929.14(E)(4) as to whether the sentences should be consecutively imposed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for re-sentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________ JAMES J. SWEENEY, J.:
JAMES D. SWEENEY, P.J., and TERRENCE O'DONNELL, J., CONCUR.